## HOWARD v. THE STATE.

The statute of 1852, prohibiting the sale of spirituous liquor to a minor, without the consent of his parent or guardian, was repealed by the liquor act of 1853.

The repeal of a statute creating an offence, is a bar to any subsequent prosecution under such statute for an offence committed before its repeal.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—Prosecution, originating before a justice of the peace, against *Howard*, for selling beer to a minor, without the consent of his parent or guardian. *Howard* was convicted before the justice and in the Circuit Court.

The prosecution was commenced in *October*, 1853.

The principal question thus far made in the case, is, whether beer is or is not an intoxicating liquor. Many witnesses testified upon the point. Opinions greatly differed. *Edward Warthin* swore that he had manufactured and sold beer for the last ten years, and that "a man's belly could not hold enough to make him drunk"—a statement not very complimentary, perhaps, to the beer with which he supplies his customers.

However, the circuit judge instructed the jury that beer is an intoxicating liquor. It is contended in this Court, that admitting, for the sake of argument, such to be the fact, still the legislature did not mean so to class it, as is evidenced by section 1 of an act of 1853, (Laws of 1853, p. 90), where that body say: "if any person shall erect," &c., "or other place for the sale of intoxicating liquor, beer, cider, or other drinks," &c.; and again, "or shall sell or give away any intoxicating liquors, or shall sell any

cider, beer, or other drink," &c.; clearly distinguishing between intoxicating liquors and beer, cider, and other drinks.

We shall intimate no opinion on this point, inasmuch as the section in the code of 1852 upon which this prosecution is founded, was repealed before the suit was commenced, and the suit, therefore, can not, under any view of the case, be sustained. *Brosee* v. *The State, ante,* p. 75. We have made the statement of the case simply for the purpose of attracting attention to it in anticipation of the meeting of the ensuing legislature.

*Per Curiam.*—The judgment is reversed.

*J. R. Coverdill, C. S. Parrish,* and *O. B. Hord,* for the appellant.

*W. Cumback,* for the state.